NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| PEDRO CHACON-OCHEA, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 06-403-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| DONALD L. STINE, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

Petitioner Pedro Chacon-Ochea, an individual incarcerated in the United States Penitentiary-McCreary in Pine Knot, Kentucky ("USP-McCreary"), has filed a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241, and has paid the $5.00 district court filing fee. This matter is now before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F.Supp. 571 (N.D. Ohio 1985) (*citing Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

## BACKGROUND

On February 8, 2002, Petitioner was arrested by local police in Valencia County, New Mexico, and subsequently charged with various state crimes, including concealing his identity, battery against a household member, possession of drug paraphernalia, receiving stolen property, and being a felon in possession of a firearm. Petitioner was then interviewed by officers of the Immigration and Naturalization Service ("INS"), who determined that he was in the United States illegally. Three days later, on February 11, 2002, the INS lodged a federal immigration

detainer with the Valencia County Detention Center. New Mexico filed various criminal charges against Petitioner, all of which were subsequently dismissed. Petitioner remained in state custody during this period (until May 2, 2002). On May 2nd, federal charges were filed against Petitioner under 8 U.S.C. §1326(a)(1),(2), (b)(2) for re-entering the United States after having been deported for conviction for an aggravated felony. As a result, the Petitioner was remanded into federal custody. Petitioner pled guilty to that offense and was sentenced to a 63-month term of incarceration, to be followed by a three-year term of supervised release. The Judgment and Commitment Order indicates that the offense date is May 2, 2002. *United States v. Pedro Chacon-Ochea*, 02-CR-1322, District of New Mexico.

Through the instant petition, Petitioner seeks credit for time served in the Valencia County Detention Center while state charges remained pending (from February 11, 2002, to May 2, 2002).

## DISCUSSION

The Petitioner correctly identifies the controlling statute:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --

> (1) as a result of the offense for which the sentence was imposed;
>
> or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. §3585(b).

The Petitioner's argues that, notwithstanding the fact that the Judgment and Commitment Order states that his offense date was May 2, 2002, he necessarily violated 8 U.S.C. §1326(a)(1),(2) simply by re-entering the United States, which must have occurred at or before his arrest on state charges on February 8, 2002. Therefore, he asserts that he is entitled to credit for time spent in the Valencia County Detention Center on the pending state charges as they constituted "other charges" under Section 3585(b)(2) because he was arrested for them after he committed the federal offense at issue, his re-entry into the United States.

Notwithstanding the surface appeal of his argument, the Petitioner's request for habeas relief must be denied. The Supreme Court has determined that the Attorney General, through the Bureau of Prisons, is authorized to grant a prisoner credit for pre-sentence detention. *United States v. Wilson*, 503 U.S. 329, 333-35 (1992); *United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992). Of course, the exercise of that responsibility is subject to review through a habeas proceeding. *Wilson*, 503 U.S. at 335; *United States v. Means*, 124 F.3d 210 (6th Cir. 1997). But in performing its duties in this regard, because the calculation of a prisoner's release date is to be nothing more than "a routine, ministerial task," *Wilson*, 503 U.S. at 338 (Stevens, J., dissenting), the Bureau of Prisons is bound to follow the judgment in the criminal case for which the prisoner is incarcerated.

In the present case, the Judgment and Commitment Order unequivocally establishes May 2, 2002, as the offense date. The BOP is not authorized to second-guess the propriety of this date, *cf. Millard v. Roach*, 631 A.2d 1217, 1224-25 (D.C.Super. 1993) (citing *Causey v. Civiletti*,

621 F.2d 691, 694-95 (5th Cir. 1980)). Consequently, this Court has no occasion to disagree with the BOP's calculation of Petitioner's release date. To do so would constitute not the permissible review of the BOP's sentence calculation, *Wilson*, 503 U.S. at 355, but the impermissible review of the Judgment and Commitment Order itself. The correct avenue for relief for Petitioner, if any, is either a motion to correct a clerical error in a judgment or sentence under Rule 36 of the Federal Rules of Criminal Procedure, or through a motion to vacate, set aside, or correct a sentence under 28 U.S.C. §2255. *United States v. Peters*, 324 F.Supp.2d 136 (D. Maine 2004). Either of these motions are to be filed in the sentencing court, not a court in the district where the Petitioner is incarcerated.

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1) Petitioner Chacon-Ochea's petition for a writ of habeas corpus is **DENIED**. This matter is **DISMISSED**, with prejudice.

(2) The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This 16th day of October, 2006.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge